# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN W. KEMP, *Not Individually But Solely as Creditor Trustee of the SupplementWarehouse.com, Inc. Creditor Trust*,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LEE NELSON and ALLIANCE BANKCARD NATIONAL,<br><br>Defendants. | Case No. 16-CV-1546-JPS<br><br><br><br><br>**ORDER** |

SupplementWarehouse.com (the "Debtor") is in Chapter 11 bankruptcy proceedings. Plaintiff, the trustee of the creditor trust in those proceedings, brought an adversary proceeding in the bankruptcy court against Defendant Ronald Lee Nelson.[1] Defendant is not a creditor and has not filed a proof of claim in the Debtor's bankruptcy. In the adversary proceedings, Plaintiff alleges that the sole equity holder in the Debtor, Robert Lauby, fraudulently transferred substantial funds from the Debtor to Defendant. *Kemp v. Nelson*, 16-2374-SVK (Docket #1).[2] Plaintiff seeks to avoid and recover these fraudulent transfers under the Wisconsin Uniform Fraudulent Transfer Act, Wis. Stat. § 242.01 *et seq.*, and 11 U.S.C. §§ 544, 548,

---

[1] The other defendant, Alliance Bankcard National, is apparently a trade name used by Nelson and has no legal existence. (Docket #1 at 2). The Court will, therefore, ignore that defendant.

[2] This is the underlying adversary proceeding. The Court cites that docket directly as the relevant documents are not included in the instant motion submission.

and 550. *Id.* On November 10, 2016, the Defendant filed a motion to withdraw the reference of the adversary proceeding to the bankruptcy court. *Kemp*, (Docket #10). Plaintiff did not respond, and, on November 18, 2016, the bankruptcy court transferred the motion to this Court for adjudication. Plaintiff has not filed a response to the motion in this Court, either. For the reasons stated below, the motion will be denied.

District courts have original and exclusive jurisdiction over bankruptcy cases. 28 U.S.C. § 1334(a). They also have original but not exclusive jurisdiction over proceedings arising under the bankruptcy code and arising in or related to cases under the bankruptcy code. *Id.* § 1334(b). However, district courts can, and normally do, refer such cases to specialized bankruptcy courts. *Id.* § 157(a). This is the practice in the Eastern District of Wisconsin. *See* Order of Reference (E.D. Wis. July 16, 1984), *available at* http://www.wied.uscourts.gov/sites/wied/files/documents/Order_of_Reference_19840710.pdf.

Congress has empowered the district court to withdraw such a reference. Withdrawal is governed by 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The first sentence defines permissive withdrawal, while the second sentence provides for mandatory withdrawal. *Vista Metals Corp. v. Metal Brokers Int'l Inc.*, 161 B.R. 454, 456 (E.D. Wis. 1993). Defendant does not suggest that mandatory withdrawal is required here.

For permissive withdrawal, courts typically consider the following factors in deciding whether withdrawal is appropriate: "'(i) whether the proceeding is core or non-core, (ii) considerations of judicial economy and convenience, (iii) promoting uniformity and efficiency of bankruptcy administration, (iv) forum shopping and confusion, (v) conservation of debtor and creditor resources, and (vi) whether the parties requested a jury trial.'" *Vlastelica v. Novoselsky*, No. 15–cv–0910, 2015 WL 6393968, at *1 (E.D. Wis. Oct. 21, 2015) (quoting *In re Emerald Casino, Inc.*, 467 B.R. 128, 135 (N.D. Ill. 2012)). Sufficient cause for permissive withdrawal exists where "withdrawal of reference is essential to preserve a higher interest than that recognized by Congress and is narrowly tailored to serve that interest." *Vista Metals Corp.*, 161 B.R. at 456. As a result, "permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007) (quoting *Xonics v. First Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987)). The party seeking withdrawal bears the burden to demonstrate that it is warranted. *Vlastelica*, 2015 WL 6393968, at *2.

A proceeding within the "core" of bankruptcy jurisdiction is one "that arise[s] in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476 (2011). Section 157(b)(2) provides a non-exclusive list of core proceedings. Congress has authorized bankruptcy courts to decide all matters and enter final judgment in core proceedings. 28 U.S.C. § 157(b)(1); *Stern*, 564 U.S. at 476. "Non-core" proceedings, by contrast, do not arise under Title 11 or in a bankruptcy case, but are otherwise related to a case under Title 11. 28 U.S.C. § 157(c)(1). In non-core proceedings, the bankruptcy

judge does not enter final judgment but instead issues recommendations that are subject to *de novo* review in the district court. *Id.*

Defendant raises two arguments in favor of permissive withdrawal. (Docket #1 at 2-3). First, Defendant claims that Plaintiff's fraudulent transfer case is not a "core" bankruptcy proceeding. *Id.* at 2. If true, this may suggest that the Court should withdraw the reference since the bankruptcy court cannot enter final judgment in the case. Second, Defendant believes that withdrawal is required because he has asserted his right to a trial by jury on Plaintiff's claims, and bankruptcy courts may not hold jury trials. *Id.*

Neither contention satisfies this Court that withdrawal is appropriate at this juncture. Defendant's first point is the subject of substantial debate, but for present purposes the Court need only address it briefly. The Supreme Court held in *Stern* that, despite Congress' authorization, bankruptcy courts are not constitutionally permitted to determine certain types of claims designated as "core" proceedings under Section 157. *Stern*, 564 U.S. at 482. These so-called *Stern* claims usually arise under state law and would not necessarily be resolved by the bankruptcy court's process of ruling on a proof claim in the main bankruptcy proceedings. *See id.* Courts are split, and the Seventh Circuit has offered no clear guidance, as to whether fraudulent transfer claims fall into this category. *Compare In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561–62 (9th Cir. 2012) ("[*Granfinanciera*] and [*Stern*]…point ineluctably to the conclusion that fraudulent conveyance claims…cannot be adjudicated by non-Article III judges.") (internal citations omitted), *with In re Kimball Hill, Inc.*, 480 B.R. 894, 907 (N.D. Ill. 2012) (collecting cases finding that, notwithstanding *Stern*, a bankruptcy court has authority to enter final orders on a fraudulent transfer claim); *see also Stern*, 564 U.S. at 482;

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 55 (1989). But even assuming that the bankruptcy court cannot enter judgment on Plaintiff's fraudulent transfer claims, as Defendant appears to believe, the inquiry is not over. *Stern* claims, like non-core claims, may be "heard" by the bankruptcy court even though it cannot rule on them. As with non-core claims, the bankruptcy court must submit recommendations on *Stern* claims to the district court for its *de novo* review. *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173 (2014); 28 U.S.C. § 157(c)(1).

As to Defendant's second argument, it is true that Defendant has properly asserted a jury trial right on Plaintiff's fraudulent transfer claims. *Granfinanciera*, 492 U.S. at 55. It is also true that bankruptcy courts cannot preside over jury trials absent the parties' consent. *In re Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992); 28 U.S.C. § 157(e). Yet, this fact alone does not necessitate immediate withdrawal of the reference. As the Ninth Circuit has observed, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007); *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993). The potential for this proceeding to require a jury trial, necessitating future withdrawal, is simply one factor for the Court to consider when evaluating the efficient use of judicial resources. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). In doing so, the Court may consider that judicial efficiency is best served by allowing necessary pretrial issues, some of which may obviate the need for a jury trial altogether, to proceed in

bankruptcy court. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101–02 (2d Cir. 1993). "District courts retain discretion over the precise timing of the withdrawal because a 'rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts.'" *In re Bulk Petroleum Corp.*, No. 11–C–28, 2011 WL 679419, at *1 (E.D. Wis. Feb. 16, 2011) (quoting *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992)).

The Court finds that the wiser exercise of discretion and use of its limited resources is to permit the bankruptcy court to hear all pretrial matters arising in the adversary proceeding. At this early stage in the litigation, the long-distant prospect of a jury trial is not enough to warrant withdrawal of the reference. *See Official Comm. of Unsecured Creditors of Country Stone Holdings, Inc. v. First Midwest Bank*, Case No. 4:15-cv-04063-SLD, 2016 WL 1259378, at *3 (C.D. Ill. Mar. 30, 2016); *In re Neumann Homes, Inc.*, 414 B.R. 383, 387 (N.D. Ill. 2009). In contrast to *In re Bulk Petroleum Corp.*, where the court withdrew the reference because the adversary proceeding at hand was "very nearly trial-ready," *Bulk Petroleum Corp.*, 2011 WL 679419, at *2, here the parties have just barely left the pleading stage and there is not even a scheduling order on the docket.

Additionally, the bankruptcy court has greater familiarity with the parties and the claims since it has overseen the underlying bankruptcy proceedings since their inception in January 2015. Judicial economy would, therefore, be better served by allowing the bankruptcy court to consider these adversary proceedings in the first instance. *Vista Metals Corp.*, 161 B.R.

at 458; *Official Comm. of Unsecured Creditors*, 2016 WL 1259378, at *3; *Mason v. Klarchek*, No. 12-CV-9971, 2013 WL 1869098, at *2 (N.D. Ill. May 2, 2013) ("Of the courts that have considered the issue of an early withdrawal of a reference to bankruptcy court, the overwhelming majority have declined, post-*Stern*, to withdraw the reference, recognizing the value of the bankruptcy judge's familiarity with relevant law and the facts of the cases before them."). If the parties are unable to resolve their disputes short of trial, this Court will be available to oversee that trial. The parties may seek withdrawal of the reference again at an appropriate juncture later in the case.

Accordingly,

**IT IS ORDERED** that Defendant Ronald Lee Nelson's motion to withdraw the reference of the adversary proceeding to the bankruptcy court (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this reference be and the same is hereby **REMANDED** back to the Bankruptcy Court for further proceedings consistent with this order.

The Clerk of Court is directed to take all appropriate steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge